FERNÁNDEZ, DEMANDANTE Y APELADO, *v.* ORTIZ, DEMANDADO Y APELANTE.

No. 2915.—*Visto:* Mayo 31, 1923. *Resuelto:* Abril 3, 1924.

DAÑOS Y PERJUICIOS POR INCUMPLIMIENTO DE CONTRATO—CONTRATOS NO ESCRITOS CUYA CUANTÍA EXCEDE DE $300.—El hecho de que un contrato de compraventa cuya cuantía excede de $300 no conste por escrito como requiere el artículo 1247 del Código Civil, no es obstáculo para la declaración judicial de su existencia en un pleito de daños por incumplimiento del mismo. Sentencia del Tribunal Supremo de España, de junio 18, 1902.

ID.—Está justificada por el artículo 1073 del Código Civil una sentencia para que el demandado indemnice al demandante en un pleito de daños y perjuicios por incumplimiento de contrato, de lo que el demandante perdió como consecuencia del incumplimiento más lo que habría ganado en caso de cumplimiento del contrato.

ID.—EVIDENCIA DE CONTRATOS ESCRITOS.—Consistiendo la transacción en una carta del demandante a cierta compañía ofreciéndole maderas en venta y una orden de la compañía para que las maderas fueran entregadas, no puede concluirse que erró la corte al negar la eliminación del testimonio del demandante sobre tales hechos, bajo la teoría de que fué violada la regla que prescribe que cuando el contrato consta por escrito la mejor evidencia es el contrato mismo.

ID.—ID.—ADMISIONES DEL DEMANDADO.—Después de haber declarado el demandado en el presente caso que no había hecho contrato alguno con el demandante, éste, para refutar esa declaración, presentó un testigo para que declarase, como declaró, que el demandado había reconocido ante él que había hecho dicho contrato, fundándose la oposición en que de acuerdo con el artículo 159 de la Ley de Evidencia debió ser preguntado antes el demandado si había hecho tal manifestación, y de haberla hecho, permitir que la explicara. No se infringió el artículo 159 citado porque la declaración del testigo era para probar una admisión hecha por el demandado en cuanto a la cuestión principal en controversia, esto es, si celebró con el demandante el contrato que éste alega y que es base de su reclamación.

SENTENCIA de *Pablo Berga*, J. (Humacao), declarando con lugar la demanda, con costas. *Confirmada.*

*F. González*, abogado del apelante; *L. López Antongiorgi* y *R. Guillermety*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

En este pleito se reclaman daños y perjuicios por incumplimiento de un contrato. La corte inferior condenó al demandado a pagar al demandante la cantidad de mil dólares por ese concepto y las costas, contra cuyo fallo interpuso este recurso de apelación.

El primer motivo de su recurso es porque la sentencia no está sostenida por la prueba. La evidencia fue contradictoria en cuanto a la existencia del contrato por cuyo incumplimiento se reclaman los daños y perjuicios habiendo sido resuelto el conflicto por la corte inferior en contra del demandado, en cuya decisión no encontramos error, sin que el hecho de que tal contrato no conste por escrito siendo superior a $300, como requiere el artículo 1247 del Código Civil, sea obstáculo para la declaración de su existencia según declaró el Tribunal Supremo de España en su sentencia de 18 de junio de 1902; 93 J. C. 1010.

Tampoco existe ese error por la condena de pagar mil dólares pues si bien el demandante perdió solamente $500 en las maderas que tuvo que comprar como consecuencia del incumplimiento de su contrato con el demandado para poder cumplir el que él hizo con la Central Santa Juana, sin embargo los otros $500 son los que dejó de ganar en dicho contrato, condena que está justificada por el artículo 1073 del Código Civil.

El segundo motivo de error es porque no fue eliminada por la corte inferior cierta parte de la declaración del demandante con respecto a su contrato con la Central Santa Juana.

El demandante celebró un contrato de compra de árboles de húcar con el demandado, que éste no cumplió des-

pués, y en virtud de ese contrato el demandante celebró otro con la Central Santa Juana para entregarle cierta cantidad de traviesas de húcar. El demandante declaró sobre su contrato con la Central Santa Juana y sostiene el apelante que debió ser eliminada esa parte de la declaración porque constando el contrato por escrito la mejor evidencia era el escrito mismo, y que esa prueba era importante por ser la base de la condena de pagar mil dólares, pues sin ella no podría declararse que hubo daños y perjuicios.

La petición de eliminación no solamente se hizo demasiado tarde a la corte pues no se pidió tan pronto el testigo dijo que existía un documento por escrito sino mucho tiempo después, cuando había terminado de declarar otra serie de preguntas sobre distintos hechos, sino que además no resulta de su declaración que existiera un verdadero contrato escrito con la Central Santa Juana sino una oferta escrita de venderle cierta cantidad de madera y una orden de la Central Santa Juana para que entregara las maderas.

Los tercero y cuarto motivos están íntimamente relacionados pues ambos se refieren a que no debió ser permitida la declaración del testigo Rafael Mas.

Después de haber declarado el demandado que no había hecho contrato alguno con el demandante, éste, para refutar esa declaración, presentó al testigo Mas para que declarase, como declaró, que el demandado había reconocido ante él que había hecho dicho contrato, fundándose la oposición en que de acuerdo con el artículo 159 de la Ley de Evidencia debió ser preguntado antes el demandado si había hecho tal manifestación, y de haberla hecho, permitir que la explicara. No se infringió el artículo 159 citado porque la declaración del testigo Mas era para probar una admisión hecha por el demandado en cuanto a la cuestión principal en controversia, esto es, si celebró con el demandante el contrato que éste alega y que es base de su reclamación.

En cuanto al último error por imposición de costas cree-

mos que la corte inferior no hizo mal uso de la facultad discrecional que le concede la ley para imponerlas.

*La sentencia apelada debe ser confirmada.*